UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| J.W. MEANS, III,<br><br>        Plaintiff,<br><br>vs.<br><br>INTELLIGENT BUSINESS SOLUTIONS,<br>LIMITED, d.b.a. COLLECTION BUREAU<br>OF NEVADA,<br><br>        Defendant. | 3:15-cv-00106-RCJ-VPC<br><br>**ORDER** |

      This case arises out of an attempt of a collection agency to recover collection costs. Pending before the Court is a Motion to Dismiss (ECF No. 8). For the reasons given herein, the Court denies the motion.

**I.     FACTS AND PROCEDURAL HISTORY**

      Defendant Intelligent Business Solutions, Ltd., doing business as Collection Bureau of Nevada, is a debt collector who sued Plaintiff J.W. Means, III in the Reno Township Small Claims Court on February 19, 2014 for unpaid bills. (*See* Compl. ¶¶ 5–7). Defendant sought $5002.25 of underlying debt, $1729.27 in interest, and $2501.13 in collection costs, for a total of $9232.65. (*Id.* ¶ 10). On August 1, 2014, the state court entered judgment against Plaintiff and in favor of Defendant for $5002.00, plus costs of $181, for a total of $5183, but expressly denying Defendant's claimed collection costs. (*Id.* ¶¶ 12–13).

Plaintiff sued Defendant in this Court on two causes of action under the Fair Debt Collection Practices Act ("FDCPA") based on Defendant's attempt to collect the $2501.13 in collection fees: (1) unauthorized fees under 15 U.S.C. § 1692e(2); and (2) unfair practices under § 1692f(1).  Defendant has moved to dismiss for failure to state a claim.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."). In other words, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must plead the facts of his own case so that the court can determine whether the plaintiff has any plausible basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III.   ANALYSIS

Defendant does not argue that Plaintiff has failed to allege the elements of a FDCPA claim to the standards of Rule 8(a). Rather, Defendant's argument is based solely on the doctrine of claim preclusion. The Court rejects the argument. Plaintiff has not sought any declaration from this Court that would countermand or undermine the judgment of the state court as to the sole claim brought in that court for breach of contract. Nor has Plaintiff asked the Court to

review the state court ruling directly in violation of the *Rooker–Feldman* doctrine. No measure of relief Plaintiff seeks would conflict in any way with the state court judgment entered against him for breach of contract. The present action is based purely on the FDCPA, a federal statute prohibiting certain collection practices. Nothing about the state court judgment precludes Plaintiff from asserting a FDCPA claim based on Defendant's attempt to collect $2501.13 in collection costs, whether via a demand letter or via the state court action. At most, a state court judgment that those collection costs were available as a measure of damages under the breach of contract claim would preclude that issue—which is not to say that an FDCPA claim based on an unfair method of collection might not still be viable—but here the state court found that the collection costs were not available, so even that issue is not precluded, much less an FDCPA claim itself. No good faith argument can be made that Defendant's "breach of contract and failure to forward monies owed" claim in the state court affidavit of complaint is identical to either of the FDCPA claims brought here for the purposes of claim preclusion. The motion to dismiss is denied, and the Court invites Plaintiff to move for fees incurred in defending the present motion under 28 U.S.C. § 1927.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 8) is DENIED.

IT IS SO ORDERED.

Dated this 31st day of March, 2015.

_____
ROBERT C. JONES
United States District Judge