UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| J.W. MEANS, III, <br><br>          Plaintiff, <br><br>vs. <br><br>INTELLIGENT BUISNESS SOLUTIONS, LTD., <br><br>          Defendant. | 3:15-cv-00106-RCJ-VPC <br><br> **ORDER** |

This case arises from alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). Pending before the Court are Plaintiff's Motions for Partial Summary Judgment (ECF Nos. 39, 41), Defendant's Motion for Summary Judgment (ECF No. 42), and Defendant's Counter Motion for Summary Judgment (ECF No. 45).

**I.      FACTS AND PROCEDURAL HISTORY**

Doreen Means, wife of Plaintiff J.W. Means, III, signed a work authorization agreement with non-party Northern Nevada Construction ("NNC") to perform restoration services for Plaintiff's home. (Work Authorization, 9, ECF No. 40-1). After Plaintiff failed to pay NNC for the services, NNC assigned collection to Defendant Intelligent Business Solutions, LTD. (Collection Assignment, 8, ECF No. 40-1). Pursuant to a collection agreement, Defendant would receive as commission thirty percent of the payments it recovered from Plaintiff. (Collection Agreement, ¶¶ 2–3, ECF No. 40-1, at 17). Defendant sent multiple notices to Plaintiff asking, or

1

demanding, to make payments on the debt. (Notices, 5–7, ECF No. 40-1; Notice, 18, ECF No. 48).

On February 11, 2014, Defendant sued Plaintiff in the Reno Township Small Claims Court for unpaid bills. (Aff. of Compl., 65, ECF No. 40-2). Defendant sought $5,002.25 of underlying debt, $1,729.27 in interest, and $2,501.13 in collection costs, for a total of $9,232.65, (Am. Compl. ¶ 10, ECF No. 36), but it sued only for the maximum jurisdictional limit of $7,500.00 (*Id.* ¶ 11). During a hearing on May 29, 2014, William Thomas, appearing on behalf of Defendant, asked the state court to grant Defendant $2,501.13 in agency fees. (Tr., 96–99, ECF No. 40-2). The court denied Thomas's request, (*id.*), and on August 1, 2014 entered judgment against Plaintiff in favor of Defendant for "the principal amount of $5002.00 plus costs of $181.00 for a total judgment of $5183.00, plus interest at the legal rate." (Decision, 92, ECF No. 40-2).

Plaintiff sued Defendant in this Court on three causes of action under the FDCPA and one under Nevada law: (1) unauthorized fees under 15 U.S.C. § 1692e(2); (2) unfair practices under § 1692(f)(1); (3) threatening to take prohibited action under § 1692e(5); and (4) consumer fraud under Nev. Rev. Stat. 41.600. Plaintiff filed two motions for partial summary judgment; Defendant filed a motion for summary judgment and a counter motion for summary judgment.

**II.    LEGAL STANDARDS**

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A

principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.

If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and

allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50. Notably, facts are only viewed in the light most favorable to the non-moving party where there is a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). That is, even where the underlying claim contains a reasonableness test, where a party's evidence is so clearly contradicted by the record as a whole that no reasonable jury could believe it, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

**III.    ANALYSIS**

   **A.    Statute of Limitations**

Defendant argues in its counter motion for summary judgment that Plaintiff's FDCPA claims are time barred. (*See* ECF No. 45, 48). Civil claims arising under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d); *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997). This is an affirmative defense. As Plaintiff argues, the magistrate judge set a deadline of November 9, 2015 for filing dispositive motions. (*See* Joint Case Management Report, ¶ 12(D), ECF No. 19). Defendant filed its counter motions for summary judgment within its responses to Plaintiffs motions for partial summary judgment on November 30, 2015 and December 3, 2015. Even though Defendant timely filed its motion for summary judgment on November 9, 2015, (*see* ECF No. 42), it failed to include its statute-of-

4

limitations defense in its motion. The Court will not permit Defendant to circumvent the deadline for dispositive motions deadline by filing a counter motion. Nothing would have prevented Defendant from being aware of its statute-of-limitations defense before the deadline.

The Court could still bar Plaintiff's claims as untimely if the violation of the statute of limitations were on the face of the pleadings, but it is not. Plaintiff filed the Complaint for this case on February 18, 2015. Nothing in the Amended Complaint makes it evident that the alleged violations occurred before February 18, 2015.[1] The Court denies Defendant's counter motion to grant summary judgment in Defendant's favor.

### B.     Unauthorized Fees Under § 1692e(2)

Plaintiff moves the Court to grant summary judgment in its favor as to Defendant's liability under 15 U.S.C. § 1692e(2) (ECF No. 39). Defendant has filed a motion for summary judgment on the same claim (ECF No. 42). Section 1692e(2) prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt; or . . . any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." A plaintiff does not have to show a violation of § 1692e was knowing or intentional; "intent is only relevant to the determination of damages." *Clark v. Capital Credit & Collection Servs.*, *Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006).

During the hearing in state court on May 29, 2014, William Thomas appeared on behalf of Defendant. Plaintiff argues Mr. Thomas mischaracterized Defendant's contingency fee as a collection cost, and that he mischaracterized the fee as hourly even though it is contingency

---

[1] According to the Amended Complaint, Defendant filed suit in state court to collect the debt on February 19, 2014. (Am. Compl. ¶¶ 7, 34). After discovery, the Court recognizes that Defendant actually filed the state suit on February 11, 2014, which would mean Plaintiff's claim based on that event would be time barred, *see Naas*, 130 F.3d at 893 (holding that the statute of limitations begins to run on the date the complaint was filed, not when it was served, because "[f]iling a complaint is the debt collector's last opportunity to comply with the Act"); however, this fact wis not evident on the face of the pleadings.

based. Doreen Means, spouse of Plaintiff, signed a work authorization agreement that entitles NNC to recover the cost of collection:

> In the event any collection actions or legal proceedings must be instituted to recover amounts due, Northern Nevada Construction shall be entitled to recover the cost of collection, including reasonable attorney's fees.

(Work Authorization, 9). Pursuant to a collection agreement between NNC and Defendant, NNC must pay Defendant thirty percent of any amount it recovers from debtors for accounts older than 120 days. (Collection Agreement, ¶¶ 2–3). During the hearing, Mr. Thomas stated that the work authorization allows NNC "to recover the costs of collections, which is the agency fees." (Tr., 97, ECF No. 40-2). Mr. Thomas subsequently stated that the agency fees were for "[t]he collection fees of what we charge them, 30 percent." (*Id.* at 98). He also stated that "the agency fees . . . came out to 2501.13." (*Id.*). Defendant was seeking to collect a total of $9,016.55 from Plaintiff, broken down into the following: $5,002.25 for the "[a]mount assigned"; $1,513.19 for "[i]nterest"; and $2,501.11 for "[a]gency fees." (Doc., 43, ECF No. 40-1).

Plaintiff has not presented sufficient evidence to entitle it to a directed verdict at trial. During the hearing, Mr. Thomas accurately stated that the work authorization entitles NNC to recover the costs of collections. He used the terms "agency fees" and "collection fees" to describe the costs, and he stated that Defendant charges thirty percent for collection fees for a total of $2,501.13. This evidence does not show Mr. Thomas mischaracterized the contingency fee as a collection cost. It does show he used different terminology to describe the costs he believed NNC was entitled to collect. It shows he may have confused the thirty-percent commission with other costs. The evidence shows Defendant would recover thirty percent of any amount it collected from NNC's clients and that NNC was entitled to recover "the cost of collection" from its clients. It is

1   possible, therefore, that during the hearing Mr. Thomas understood the $2,501.13

2   "agency fee" to be the thirty percent commission NNC could collect from Plaintiff to

3   give to Defendant as commission. The evidence also does not show Mr. Thomas

4   mischaracterized the fee as hourly even though it is contingency based. He clearly stated

5   to the court that the fee was based on a charge of thirty percent.

6        Although Plaintiff has failed to satisfy his initial burden, Defendant has also failed

7   to show Plaintiff cannot prove at trial that Mr. Thomas made false representations to the

8   court. Mr. Thomas mentioned a charge of thirty percent, which might refer to the

9   commissions NNC must pay Defendant. He also stated that the amount due for fees was

10  $2,501.13. That amount does not equal thirty percent of the principal amount ($5,002.25)

11  or of the principal amount plus interest ($6,515.44) Defendant sought to collect from

12  Plaintiff. Thirty percent of $5,002.25 is $1,500.68, and thirty percent of $6,515.44 is

13  $1,954.63. Also, the $2,501.13 amount is thirty-three percent of the $7,500 jurisdictional

14  limit allowed in small claims court, not thirty percent. In addition, Defendant has

15  produced a time sheet reporting the time Mr. Thomas spent attempting to collect the debt

16  from Plaintiff. The time sheet shows Mr. Thomas worked nineteen hours at a rate of $175

17  per hour for a total bill of $3,325.00. (Time Sheet, 42, ECF No. 40-1). Mr. Thomas has

18  declared that Defendant produced the time sheet to show "the collection costs sought by

19  IBS in the small claim action against Plaintiff and Doreen Means were not an arbitrary

20  number and were supported by actual time spent and costs incurred in filing the action."

21  (Decl. William Thomas, 2–3, ECF No. 40-3). Thus, it is unclear what Mr. Thomas

22  actually represented to the state court because no evidence shows how the $2,501.13

23

24

amount was calculated or if it had any connection to the thirty-percent charge or the actual costs related to Mr. Thomas's hours billed. In short, the numbers do not add up.

Plaintiff has not presented sufficient evidence to show Mr. Thomas made false representations to the state court in violation of § 1692e(2). Defendant has also failed to show Plaintiff cannot prove at trial that Mr. Thomas made false representations to the court. The Court denies both motions for summary judgment as to Plaintiff's claim of unauthorized fees under § 1692e(2).

    **C.**    **Unfair Practices Under § 1692(f)(1)**

Plaintiff moves the Court to grant summary judgment in its favor as to Defendant's liability under 15 U.S.C. § 1692f(1) (ECF No. 39). Defendant has filed a motion for summary judgment as to the same claim (ECF No. 42). Section § 1692f prohibits debt collectors from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt." Specifically, the following action violates the Section: "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." § 1692f(1).

Plaintiff has failed to show Defendant engaged in an unfair practice prohibited by § 1692f(1). The work authorization agreement that created the debt entitles NNC "to recover the cost of collection, including reasonable attorney's fees," as part of collection actions or legal proceedings related to collecting the debt. (Work Authorization, 9). Plaintiff argues the fee is Defendant's contingency fee for collecting the debt, not a cost or attorney fee. Plaintiff also cites various cases to argue that even if the fee is a cost of collection, Defendant had no right to demand the fee before judgment. (*See* Mot., 10–11, ECF No. 39). A genuine issue of material fact exists as to whether the $2,501.13 fee charged was a "cost of collection" or the thirty-percent

commission NNC owed to Defendant. As stated above, no evidence shows how Defendant or NNC determined the amount of $2,501.13. The Court cannot determine whether the agreement authorized the type of fee or the specific amount because no evidence shows why the fee was charged or how it was calculated. The Court denies Plaintiff's motion for summary judgment as to this claim. The Court also denies Defendant's motion for summary judgment as to this claim for the same reasons.

### D. Leave to Amend

Plaintiff asks the Court for leave to amend the pleadings to add an allegation that Defendant violated §§ 1692e(2) and 1692f(1) based on a letter Plaintiff received from Defendant on June 15, 2015. (*See* ECF No. 39). The Court denies the motion. Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleadings "only with the opposing party's written consent or the court's leave," and it instructs a court that it "should freely give leave when justice so requires." A court weighs five factors in determining whether justice requires that leave to amend be granted: "'(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint.'" *In re W. States Wholesale Natural Gas Antitrust Litig. v. Oneok, Inc.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)).

Here, justice does not require the Court to grant Plaintiff leave to amend. Plaintiff has unduly delayed his request and has already filed an amended complaint. The letter giving rise to Plaintiff's allegation is dated June 15, 2015, nearly a month before the deadline of July 9, 2015 set by the magistrate judge's scheduling order for amendments to pleadings. (*See* Joint Case Management Report, ¶ 12(B), ECF No. 19, at 3). Plaintiff did not request leave to amend the Complaint to add the proposed claim before the deadline. Further, on July 15, 2015, Plaintiff did

request leave to amend the Complaint, which the magistrate judge granted on August 10, 2015. (*See* ECF Nos. 32, 35). Plaintiff filed the Amended Complaint on August 18, 2015, but he did not request leave to add the proposed claim to his Amended Complaint, even though he attached the June 15, 2015 letter to his motion to amend the Complaint. (*See* Notice, 13, ECF No. 32). Now Plaintiff asks for leave to amend once again—seven months after the deadline, and when he has previously amended the pleadings following receipt of the letter at issue. Granting leave to amend at this juncture is not warranted. The Court denies the motion.

### E. Threatening to Take Prohibited Action Under § 1692e(5)

Plaintiff moves the Court for summary judgment as to Defendant's liability under 15 U.S.C. § 1692e(5) (ECF No. 41). Defendant has filed a motion for summary judgment as to the same claim (ECF No. 42) and a counter motion for summary judgment in its response (ECF No. 48). Section 1692e(5) prohibits debt collectors from making a "threat to take any action that cannot legally be taken or that is not intended to be taken." Whether a debt collector's action violates this section "requires an objective analysis that takes into account whether the least sophisticated debtor would likely be misled by a communication." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (citations and internal quotations omitted).

Plaintiff argues that Defendant threatened to take two actions that could not legally be taken: (1) collect an agency fee in violation of Nev. Rev. Stat. 649.375(2); and (2) file suit in state court in Defendant's own name to assert the rights of a third party against Plaintiff and allow Mr. Thomas to engage in the unauthorized practice of law.

///

///

### 1. Agency Fee

Plaintiff argues Defendant violated § 1692e(5) by attempting to collect the agency fee in violation of Nev. Rev. Stat. 649.375(2).[2] Before the Court reaches the question of whether Defendant's action violated the state statute, it must determine whether Plaintiff has presented evidence that Defendant made a threat to collect the agency fee. The Court finds that Plaintiff has not shown Defendant threatened to collect the fee.

The parties have produced four communications regarding the debt sent from Defendant to Plaintiff or his wife. The first, dated November 15, 2013, contains a threat that if Plaintiff's wife does not make payment within thirty days, then her account "will be reported to the credit bureaus." (Notice, 16, ECF No. 48). However, the notice does not mention any agency fee; in fact, the fee is listed as "0.00." (*Id.*). The second notice, dated December 12, 2013, mentions fees of $2,501.1. (Final Demand, 6, ECF No. 40-1). The demand letter threatens to file a lawsuit if Plaintiff's wife does not pay the balance of the debt within seven days,[3] and it threatens to attempt to take her assets if judgment is granted in Defendant's favor.[4] (*Id.*). However, Plaintiff makes no claims regarding these threats; instead, he claims the letter threatens to collect the agency fee, which it does not. The letter does not threaten to collect the fee if Plaintiff does not take some specific action; in fact, the letter does the opposite—it threatens to take legal action if Plaintiff does not pay the fee. In other words, the letter *attempts* to collect the fee; it does not

---

[2] The statute prohibits collecting any amounts incidental to the principal obligation unless (1) the creditor adds the amount to the principal before asking the collection agency to collect it; (2) the collection agency adds the amount to the principal and describes it in its first written communication with the debtor; or (3) the amount has been judicially determined as proper and legally due from and chargeable against the debtor. Nev. Rev. Stat. 649.375(2).

[3] "If this office does not receive the balance in full within 7 days of this notice, we will file a lawsuit against you." (*Id.*).

[4] "If Judgment is granted in our favor we will proceed against your unencumbered assets we have identified as part of our pre-lawsuit investigations to satisfy this debt." (*Id.*).

*threaten* to collect the fee. The communication regarding the fee itself was merely informational. *See Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996). Further, Plaintiff does not argue that threatening to file the lawsuit was a threat to collect the fee, and even if he did, filing a lawsuit is a legal action and Defendant intended to take the action as evidenced by filing the lawsuit. *See Irwin v. Mascott*, 370 F.3d 924, 927 (9th Cir. 2004). The third communication, dated July 31, 2014, mentions fees of $2,722.13 but contains no threats. (Notice, 7, ECF No. 40-1). The fourth communication, dated June 15, 2015, contains a threat that if Plaintiff does not make payment within thirty days, then his account "will be reported to the credit bureaus." (Notice, 5, ECF No. 40-1). However, the notice does not mention any agency fee; in fact, the fee is listed as "0.00." (*Id.*). Not even the least sophisticated debtor would construe these notices as threats to collect the agency fee. Plaintiff has failed to present evidence to show Defendant made any threat regarding the agency fee.

    **2.    Unauthorized Practice**

Plaintiff also argues Defendant violated § 1692e(5) by filing suit in Defendant's own name to assert the rights of a third party against Plaintiff and by allowing Mr. Thomas to engage in the unauthorized practice of law in violation of Nev. Rev. Stat. 7.285. With this claim, Plaintiff makes no allegation that Defendant made any threat. He argues Defendant took illegal action to collect the debt but not that it made a threat to file a lawsuit to assert the rights of a third party or to engage in the unauthorized practice of law. Further, nothing in the evidence would support a claim that Defendant made any such threat. Plaintiff has failed to present any evidence showing Defendant made a threat in relation to these allegations.

Plaintiff has failed to present any evidence showing Defendant made a threat in violation of § 1692e(5). The Court denies Plaintiff's motion for summary judgment as to this claim. Making a threat is an element essential to Plaintiff's case on which he will bear the burden of proof at trial; thus, the Court grants Defendant's motion for summary judgment as to the claim. The Court denies Defendant's counter motion for summary judgment as to the claim as moot.[5]

### F. Consumer Fraud

Plaintiff moves the Court for summary judgment as to its claim of consumer fraud under Nev. Rev. Stat. 41.600(1) (ECF No. 41). Defendant has filed a motion for summary judgment as to the same claim (ECF No. 42). Nev. Rev. Stat. 41.600(1) permits a victim of consumer fraud to bring a cause of action. In his motion, Plaintiff argues Defendant committed consumer fraud by attempting to collect the agency fee in violation of Nev. Rev. Stat. 649.375(2) and by engaging in the unauthorized practice of law in violation of Nev. Rev. Stat. 7.285. However, in his Amended Complaint, Plaintiff makes none of these allegations.

"Federal Rule of Civil Procedure 8(a)(2) requires that the allegations in the complaint 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). "[Where] the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court." *Navajo Nation v. United States Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008)

---

[5] Defendant argues in its counter motion that Plaintiff's allegations failed because Nev. Rev. Stat. 649 does not provide a private right of action.

(holding that the plaintiffs could not raise a claim at summary judgment when the plaintiffs' complaint "did not include [the claim] or the factual allegations upon which the claim rests"); *see also Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings.").

Here, Plaintiff's Amended Complaint makes no allegations, factual or otherwise, that Defendant violated Nev. Rev. Stat. 649.375(2). In addition, although the Amended Complaint alleges that Defendant engaged in the unauthorized practice of law in violation of 15 U.S.C. § 1692e(5) as part of the third claim, the fourth claim fails to allege that Defendant engaged in the unauthorized practice of law in violation of Nev. Rev. Stat. 41.600(1). Rather, Plaintiff alleges that Defendant committed deceptive trade practices in violation of Nev. Rev. Stat. 41.600(1) by "taking a nominal assignment of NNC's claim in order to file suit in its own name" and by engaging in improper billing practices. (Am. Compl. ¶¶ 65– 68). Plaintiff's pleadings failed to give Defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See Pickern,* 457 F.3d at 968. Further, discovery closed on October 9, 2015. Plaintiff cannot present new allegations after the close of discovery. Accordingly, Plaintiff is barred from raising new allegations not pled in the Amended Complaint. The Court denies Plaintiff's motion for summary judgment on the claim.

In its motion for summary judgment, Defendant bases its arguments on the same allegations Plaintiff makes in his motion. Thus, the Court also denies Defendant's motion for summary judgment as to the claim. Defendant also moves the Court to award it attorney's fees and costs under 15 U.S.C. § 1692k(a)(3) because Plaintiff brought this

1  action in bad faith and to harass Defendant. As evidence, Defendant points to the state

2  court judge's ruling that Plaintiff committed fraud upon the state court which required

3  sanctions. Defendant presents no other evidence to support its assertion. The Court denies

4  the motion. Without other evidence, what Plaintiff did in state court is insufficient

5  evidence to show Plaintiff brought the case in this Court in bad faith and for the purpose

6  of harassing Defendant.

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motions for Partial Summary Judgment (ECF Nos. 39, 41) are DENIED.

IT IS FURTHER ORDERED Defendant's Motion for Summary Judgment (ECF No. 42) is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED Defendant's Counter Motion for Summary Judgment (ECF No. 45) is DENIED.

IT IS SO ORDERED.

DATED: This 10th day of March, 2016.

_____
ROBERT C. JONES
United States District Judge